Electronically Filed
Intermediate Court of Appeals
CAAP-14-0000694
23-APR-2015
09:35 AM

NO. CAAP-14-0000694

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


GENBAO GAO,
Claimant-Appellant,
v.
STATE OF HAWAI'I, DEPARTMENT OF THE ATTORNEY GENERAL,
Employer-Appellee, Self-Insured


APPEAL FROM THE LABOR AND INDUSTRIAL RELATIONS APPEALS BOARD
(CASE NO. AB 2009-020 (2-08-40165))


SUMMARY DISPOSITION ORDER
(By: Foley, Presiding J., Leonard and Reifurth, JJ.)

The instant appeal arises from the denial of a workers compensation claim involving Claimant-Appellant Genbao Gao (**Claimant**) and Employer-Appellee State of Hawai'i, Department of the Attorney General (**Employer**). Claimant appeals pro se from the "Decision and Order" (**LIRAB's Decision**) filed January 31, 2014 by the Labor and Industrial Relations Appeals Board (**LIRAB**).

On appeal, Claimant contends the psychological injury he allegedly sustained on January 28, 2008 was not due to "disciplinary action" as defined by Hawaii Revised Statutes (**HRS**) § 386-1 (Supp. 2014) and therefore that LIRAB erred in finding that he did not sustain a compensable injury under HRS § 386-3(c) (Supp. 2014).

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we conclude that

Claimant's appeal is without merit and therefore affirm LIRAB's Decision denying Claimant's claim.

First, we note that Claimant's opening brief is not in compliance with the Hawai'i Rules of Appellate Procedure (**HRAP**) Rule 28(b) because it does not include a subject index (HRAP Rule 28(b)(1)), a concise statement of the points of error (HRAP Rule 28(b)(4)), a standards of review section (HRAP Rule 28(b)(5)), citations to the parts of the record relied on (HRAP Rule 28(b)(7)), or a statement of related cases (HRAP Rule 28(b)(11)). Noncompliance with HRAP rules are grounds for dismissal. HRAP Rule 30 (providing that when an appellant's brief is "not in conformity with [HRAP], the appeal may be dismissed"). Although Claimant's failure to comply with HRAP Rule 28(b) has hindered our review, we decline to dismiss his appeal and instead resolve this appeal on the merits because Claimant is proceeding pro se and makes some discernable arguments. See Hous. Fin. and Dev. Corp. v. Ferguson, 91 Hawai'i 81, 85-86, 979 P.2d 1107, 1111-12 (1999) (excusing the appellant's noncompliance with HRAP Rule 28(b) on the grounds that the Hawai'i Supreme Court "has consistently adhered to the policy of affording litigants the opportunity to have their cases heard on the merits, where possible").

Claimant appears to contend that LIRAB erred in affirming the Disability Compensation Division of the State of Hawai'i's Department of Labor and Industrial Relations' denial of Claimant's claim because: (1) the January 24, 2008 "Notice to Improve Performance" (**NTIP**) was based on false accusations and used in retaliation against Claimant and therefore was not "disciplinary action" under HRS § 386-1; (2) even if the NTIP was "disciplinary action," it was not taken in good faith; and (3) the January 28, 2008 meeting during which Claimant discussed the NTIP with Robert Doi, an agent of Bargaining Unit 13 of the Hawai'i Government Employees Association; Laraine Koga (**Koga**), Division Supervisor of the Crime Prevention and Justice Assistance Division for Employer; and Paul Perrone (**Perrone**), Claimant's immediate supervisor, was "a harassment and intimidation meeting" where Koga and Perrone accused Claimant "of

insubordination since I forgot too many times to turn off my computer monitor after the computer was shut down." Claimant also contends that the arbitration of the three other disciplinary actions against him, which he alleges he is currently appealing to the United States Supreme Court, "was procured by fraud" and thus "could never be final and could not be used against [him] in this work compensation case."

Employer contends that LIRAB's Decision is supported by substantial evidence, not clearly erroneous, and correctly applied the law in finding that Claimant's claim was not compensable under HRS § 386-3(c).

HRS § 386-3 provides in relevant part:

> **§386-3 Injuries covered.** (a) If an employee suffers personal injury either by accident arising out of and in the course of the employment or by disease proximately caused by or resulting from the nature of the employment, the employee's employer or the special compensation fund shall pay compensation to the employee or the employee's dependents as provided in this chapter.
>
> . . . .
>
> (c) <u>A claim for mental stress resulting solely from disciplinary action taken in good faith by the employer shall not be allowed; provided that if a collective bargaining agreement or other employment agreement specifies a different standard than good faith for disciplinary actions, the standards set in the collective bargaining agreement or other employment agreement shall be applied in lieu of the good faith standard</u>. For purposes of this subsection, the standards set in the collective bargaining agreement or other employment agreement shall be applied in any proceeding before the department, the appellate board, and the appellate courts.

(Emphasis added.)

HRS § 386-1 defines "disciplinary action" as "personnel action by an employer in the form of punishment against an employee for infraction of employer or contract rules, in the form of a reprimand, suspension, or discharge."

In the instant case, LIRAB found that "the NTIP, although not titled as such, was a disciplinary action in the form of a reprimand as defined in HRS § 386-1 and for purposes of HRS § 386-3(c)." LIRAB also found that "[p]ursuant to the terms of [Claimant's Collective Bargaining Agreement] in effect at the time of Claimant's claimed stress injury on January 28, 2008, disciplinary actions taken by Employer must be supported by

3

proper cause." LIRAB further found "that Claimant's claimed psychological condition on January 28, 2008 was due solely to the NTIP . . ., which [LIRAB] found was a disciplinary action in the form of a reprimand for which Employer had proper cause." LIRAB concluded "that Claimant did not sustain a personal psychological injury on January 28, 2008, arising out of and in the course of employment and that Employer has presented substantial evidence to overcome the presumption of compensability."

Claimant testified that the NTIP and the January 28, 2008 meeting during which it was discussed were "the last straw" because after January 28, 2008 he could not work and was very distressed.

The NTIP notified Claimant that according to Perrone, Claimant's work performance had declined to the point that he was "not meeting the performance requirements/expectations" of The NTIP notified Claimant that he had three months to bring his "performance up to a satisfactory level" and specified that if after the three months Claimant's "performance remains unsatisfactory, appropriate action may be taken. . . ." The NTIP listed the areas in which Claimant was allegedly performing unsatisfactorily, included instructions for improving performance, and described what Claimant's supervisor would do to help Claimant improve his performance.

Joseph P. Rogers, Ph.D. (**Dr. Rogers**), an expert in the field of clinical psychology who testified at the August 2, 2013 LIRAB hearing on Claimant's claim, testified that he found Claimant's psychological symptoms to be "due solely to disciplinary action" because Claimant reported that "the job duty itself was pretty easy and -- not stressful in nature" but "confirmed that he was reacting [to disciplinary actions] with depression and anxiety symptoms." With regard to the January 28, 2008 alleged injuries, Dr. Rogers testified that "because of his pre-existing personality disorder[,]" Claimant "developed a number of different problems in the workplace. . . . There were the three instances of disciplinary action leading up to the 1/28/08 incident. And [Claimant] reacted to the disciplinary action with symptoms that would constitute dysthymic disorder."

4

Dr. Rogers testified that "dysthymic disorder is -- is kind of a middle-ground depressive disorder between an adjustment disorder and major depressive disorder . . . that can also have a -- other disturbing mixture of emotions like irritability, anger, frustration, . . . dysthymia means bad mood, essentially."

Based on the foregoing, we hold that LIRAB did not err in concluding that Claimant's psychological injury allegedly sustained on January 28, 2008 resulted solely from "disciplinary action" as defined by HRS § 386-1 and therefore that Claimant's workers' compensation claim was barred by HRS § 386-3(c). Furthermore, Claimant failed to establish that Employer acted without proper cause when it issued the NTIP or held the meeting with Claimant to discuss the NTIP.

Therefore,

IT IS HEREBY ORDERED that the "Decision and Order" filed January 31, 2014 by the Labor and Industrial Relations Appeals Board is affirmed.

DATED:  Honolulu, Hawai'i, April 23, 2015.

On the briefs:

Genbao Gao
Claimant-Appellant pro se.

James E. Halvorson
Maria C. Cook
Deputy Attorneys General
for Employer-Appellee.

Presiding Judge

Associate Judge

Associate Judge

5